UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADAM SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:22-CV-43-HAB |
| | ) |
| FREELAND ENTERPRISES, INC., et al., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff, a former pizza delivery driver, alleges that Defendants violated the Fair Labor Standards Act ("FLSA") by, among other things, failing to reimburse their delivery drivers for delivery-related expenses. Now before the Court is a Joint Motion to Approve Form of Notice of Collective Action and to Stay Proceedings (ECF No. 48). In the motion, the parties ask the Court to conditionally certify this case as a collective action under the FLSA, approve the notice and consent forms drafted by the parties, and stay this case while the parties explore settlement.

The first step in an FLSA collective action is conditional certification, "a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011). At the conditional certification stage, plaintiffs must make only a "modest factual showing" to prove that they and other potential claimants "were victims of a common policy or plan that violated the law." *Russell v. Ill. Bell. Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008). Plaintiffs can satisfy this standard by offering "some evidence in the form of affidavits, declarations, deposition testimony, or other documents to support the allegations that other similarly situated employees were subjected to a

common policy that violated the law." *Lieberman v. Altounion Constr., Inc.*, No. 19-CV-0910, 2019 WL 6467321, at *2 (N.D. Ill. Dec. 2, 2019) (citations omitted).

Plaintiff has submitted an affidavit in support of conditional certification. (ECF No. 40-2). There, he states that he and other drivers were not reimbursed for their actual expenses incurred while delivering pizzas for Defendants. Plaintiff also states that Defendants failed to reimburse drivers for mileage travelled delivering pizzas at the IRS standard business mileage rate. Finally, he states that other similarly situated drivers have confirmed to him that they were similarly underpaid.

Even were the request for conditional certification not joint, the Court would grant it. Plaintiff has made a "modest factual showing" that delivery drivers employed by Defendants were subject to a common compensation and reimbursement policy, and that the policy led to drivers failing to receive the federal minimum wage. The Court, then, will join district courts throughout the country that have conditionally certified similar FLSA collective actions. *See Meetz v. Wis. Hosp. Grp. LLC*, Case No. 16-C-1313, 2017 WL 3736776, at *4 (E.D. Wis. Aug. 29, 2017) (collecting cases).

Once a collective action is conditionally approved, "the court has managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 170-71 (1989). In approving a notice to potential plaintiffs, the Court must be careful not to create an "apparent judicial sponsorship of the notice." *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982). The Seventh Circuit explained: "[W]e think it improper for the district court to direct that the notice go out on its letterhead, over the signature of the clerk of court or other judicial officer" because

"the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit." *Id*.

The Court has two concerns with the proposed Notice of Opportunity to Join Unpaid Wage Lawsuit (ECF No. 48-1). First is the sentence at the top that: "A Federal Court authorized this Notice." (*Id*. at 1). Of course, Court approval of the notice is a requirement, but there is no obvious need for potential plaintiffs to know that. The Court finds that, as written, this notation may suggest that the Court has endorsed the merits of the action.[1] *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 851 (N.D. Ill. 2008) (refusing to authorize notice with the court's name at the top of the first page).

Similarly, the Court is concerned about a sentence on page three that suggests that "[t]he U.S. District Court appointed the firm to represent the other delivery drivers in this action." (ECF No. 48-1 at 3). First, this does not appear to be true: the Court cannot find an entry on the docket where Plaintiff's counsel requested, or were granted, judicial blessing over their representation. But even if it were true, the suggestion that counsel has been court-appointed further risks confusion on the part of potential plaintiffs as to the Court's view of the litigation. Both sentences must be removed from the Notice.

Finally, the parties ask the Court to stay the case while they pursue settlement. Courts have inherent power to manage their dockets and may use this power to stay proceedings. *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). When deciding whether to grant a stay, courts balance the competing interests of the parties and the interest of the judicial system. *Id*. Courts often consider these factors when deciding whether to stay an action: (i) whether a stay will unduly

---

[1] The Court notes that a similar sentence appears on page 2 but is immediately followed by "the Court takes no position regarding the merits of Plaintiff's claims or the Defendant's defenses." (ECF No. 48-1 at 2). The Court finds that this clarification lessens the likelihood of a potential misunderstanding as to that sentence. Yet the Court finds a statement of the Court's authorization, standing alone, to be problematic.

3

prejudice or tactically disadvantage the non-moving party; (ii) whether a stay will simplify the issues and streamline the trial; and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004). There is no non-moving party, so only the interests of the judicial system could warrant a denial of the requested stay. Because the stay is requested so that the parties can explore settlement, and because settlement would ease the burden on the parties and the Court, the stay will be granted.

For these reasons, the Joint Motion to Approve Form of Notice of Collective Action and to Stay Proceedings (ECF No. 48) is GRANTED in part and DENIED in part. This case is conditionally certified as a collective action under the FLSA. The opt-in period, deadlines, and other procedural matters agreed to by the parties in pages 2 through 4 of the Motion (ECF No. 48 at 2-4) are adopted and made a part of this Opinion and Order by reference. The parties proposed Notice (ECF No. 48-1) is APPROVED subject to the revisions set forth above. This matter is STAYED. The parties are ORDERED to file a report at least every 90 days advising the Court as to the status of the parties attempts at settlement.

SO ORDERED on September 19, 2022.

                                            s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT