UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADAM SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:22-CV-43-HAB |
| FREELAND ENTERPRISES, INC., et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This Fair Labor Standards Act ("FLSA") case alleges that Defendants failed to adequately reimburse their pizza delivery drivers for work-related expenses. The parties have reached a settlement and now ask the Court for approval. Because the settlement represents a reasonable, arm's-length agreement to resolve a disputed claim, it will be approved.

**I.     Background**

Plaintiff alleges, generally, that he and other delivery drivers were paid at or close to minimum wage and required to pay work-related expenses like vehicle maintenance, insurance, vehicle wear and tear, and others. As a result, the drivers' net pay dropped below minimum wage. Defendants dispute these allegations and claim that all drivers have been paid a net minimum wage.

The Court conditionally certified the case as a FLSA collective action in September 2022. Plaintiff sent out court-approved opt-in notices, resulting in 347 drivers joining the collective action. The parties then engaged in arm's-length negotiations resulting in the settlement now before the Court. That settlement includes a $600,000.00 settlement fund, from which $200,000.00

would be allocated to attorneys' fees, $7,928.36 to reimbursement to Plaintiff's counsel for advanced costs, and a service award of $10,000.00 to Plaintiff.

**B.      Legal Discussion**

Stipulated settlements in an FLSA case for the recovery of unpaid minimum wages or unpaid overtime compensation must be approved by the Court in the absence of direct supervision by the Secretary of Labor. *See* 29 U.S.C. § 216(c). The governing provision provides:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

29 U.S.C. § 216(c). "[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). But "[s]ection 16(c) creates the possibility of a settlement, supervised by the Secretary to prevent subversion, yet effective to keep out of court disputes that can be compromised honestly." *Id*. Because the Secretary has not supervised this settlement, the Court must approve it.

"To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (citations, brackets, and quotation marks omitted). The reviewing Court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility

of further relief after protracted and expensive litigation." *Id*. (quoting *Reyes v. Buddha–Bar NYC*, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

The Court has little difficulty approving the settlement fund as proposed. The parties have exchanged written discovery, but no depositions have been conducted. Plaintiff estimates that, considering the early stage of the case, both parties may incur upwards of $50,000.00 in expenses preparing the case for trial. Liability is disputed, and there is a split in the law on the appropriate reimbursement rates for employees like the opt-in drivers. (*See* ECF No. 82-1 at 6-7) (collecting cases). Finally, even after backing out attorneys' fees, expenses, and the service fee, the settlement represents more than 60% of the opt-in drivers' best day in court. The settlement fund is appropriate.

The service fee is also appropriate. "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770 (7th Cir. 2013).

In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiffs have taken to protect the interests of the class; (2) how much the class has benefited from those actions; and (3) the time and effort the plaintiffs expended in pursuing the litigation. *Cook*, 142 F.3d at 1016.

Plaintiff claims, and the Court has no reason to doubt, that his service here merits the requested service fee. Plaintiff provided the facts that supported the complaint, regularly communicated with counsel, reviewed draft pleadings, assembled documents to respond to discovery, and answered interrogatories. These actions directly lead to the settlement before the Court. A $10,000.00 service fee strikes the Court as reasonable.

The Court also finds the requested attorneys' fees to be reasonable. In awarding attorneys' fees, courts ultimately "must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). District courts must "undertake an analysis of the terms to which the private plaintiffs and their attorneys would have contracted at the outset of the litigation when the risk of loss still existed." *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007).

Plaintiffs' request for one-third of the settlement in attorneys' fees reflects fees upheld by the Seventh Circuit. *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005), citing *Donovan v. Est. of Frank E. Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985); *see also Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming attorneys' fee award of 38% of settlement fund). Given the result achieved and the agreement between counsel and Plaintiff, the Court sees no reason to revise the amount requested in attorneys' fees.

Finally, the Court takes no issue with the requested reimbursements. Counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses, which includes expert witness costs; computerized research; court reporters; travel expense; copy, phone, and facsimile expenses and mediation. Fed. R. Civ. P. 23; *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980).

Plaintiff seeks reimbursement of two expenses: (1) $3,478.36 paid to Atticus Administration, LLC, to distribute notice to the class; and (2) $4,450 paid to Michael Russell, Esquire for his services as mediator. These were both necessary to prosecution and settlement of this matter. The request to reimburse these costs from the settlement fund will be granted.

**III.     Conclusion**

For these reasons, the Motion for Approval of Settlement (ECF No. 82) is GRANTED as set forth above. The Clerk is DIRECTED to close this case.

SO ORDERED on June 5, 2023.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT